## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 12-CR-00255 |
| ) | |
| KEVIN J. BLACK ) | |
| ) | |
| Defendant ) | |

### NOTICE OF APPEARANCE
### PRE-TRIAL DEFENSE MOTIONS
### DEFENDANT'S REQUEST FOR DISCOVERY

#### NOTICE OF APPEARANCE

Please enter the appearance of Peter S. Fayne and the law firm of Rosenberg & Fayne, L.L.P. on behalf of the defendant in this matter.

#### MOTION FOR SPEEDY TRIAL

Pursuant to the Constitution and laws of the United States, the Defendant moves for a speedy trial.

#### MOTION FOR DISCOVERY AND INSPECTION

The Defendant respectfully requests of the Office of the United States Attorney the following discovery and inspection:

 1. A. Any material or information which tends to negate the guilt of the Defendant as to the offense(s) charged;

 B. Any material or information within the Defendant's possession or control which would tend to reduce the Defendant's punishment for such offenses(s);

 C. Any relevant material or information regarding specific searches and seizures including inventory searches;

 D. Any relevant material or information regarding wiretaps and eavesdropping;

E. Any relevant material or information regarding the acquisition of statements, written or oral, made by the Defendant, including copies of such statements or copies of any notes or documents which purport to summarize or record any such statements;

F. Any relevant material or information regarding the acquisition of statements, written or oral, made by the Defendant; and

G. Any relevant material or information regarding pretrial identification or the Defendant by a witness for the Government.

Exculpatory Evidence

2. In accordance with Giglio v. U.S., 405 U.S. (1972), disclose any promises, understandings or agreements made with any witnesses to his agreement to testify in this case. In addition, identify by name and address, all persons who, during the investigation of this cause, have been offered immunity, favorable consideration, lesser pleas, or other agreements in return for testimony, information or documents. This request applies to all statement s made by government agents or investigators that, if any person did not fully cooperate with government, they would have difficulties or would be Defendants in any action. Indicate the name and address of each witness who claims to have knowledge which supports the answer to this inquiry

3. Produce for inspection, copying, or photographing, all F.B.I., Federal Bureau of Prisons, and other governmental records of the United States Government, including records of international, Federal, State and Local penal institutions pertaining to the Defendant named, and all other persons the Government plans to call as witnesses in this case.

4. In accordance with Giglio v. U.S., 405 U.S. 150 (1972), disclose any promises, plea agreements, reduction of charges, understandings or agreements made with or for any Co-Defendants, and/or Accomplices and/or Accessories after the fact, relating to this case or agreement to testify in therein.

5. In accordance with Brady v. Maryland, 373 U.S. 93 Aff'g 226 Md. 422, and other

authorities, including applicable opinions of the various Courts of the United States, disclose and produce any and all exculpatory evidence; the disclosure and production is to be made without regard to whether the evidence is deemed admissible at trial herein.

## Statement of Co-Defendants, and/or Accomplices and/or Accessories after the fact

6. Identify and furnish to the Defendant a copy of each written or recorded statement and the substance of each oral statement and a copy of all reports of each oral statement made by a Co-Defendant, and/or Accomplice and/or Accessory after the fact.

## Reports of Experts

7. Identify and furnish the Defendant with: (i) a copy of all written reports or statements made in connection with the particular case by each expert consulted by the Government, including, but not limited to the results of any physical or mental examination, scientific test, experiment or comparison; (ii) the substance of any oral report and conclusion wit the particular case by each expert consulted by the State, including the results of any physical or mental examination, scientific test, experiment or comparison; (iii) with the names of any and all chemists, technicians, pathologists, and physicians, their qualifications, educational training background and date of certification consulted by the Government in reference to this case or to be called by the Government in its case in chief, (iv) all underlying documents used by the Government's experts as basis for their testimony including, but not limited to all raw notes, computerized analysis or other material or documents of any type whatsoever which any such expert prepared in conducting any such analysis or reaching any opinion; and (v) all results of quality control tests, all repair reports on the equipment used in those tests, and all quantitative and qualitative analysis performed by the Government with regard to any substance obtained from the Defendant and any and all certifications, tests, repair and/or calibration logs, or other records or documents evidencing the manner in which any equipment was used to perform any testing and the capacity of such equipment to reliably perform such tests.

### Evidence for Trial Use

8. Identify and permit the Defendant to inspect and photograph any tangible object which the Government intends to use at hearing or trial and identify and produce for the Defendant exact copies of all papers, forms, statements and documents bearing or purporting to bear the signature, initials or mark of the Defendant, which the Government intends to introduce into evidence.

9. Identify and produce for the Defendant copies of any books, papers, documents, recordings or photographs which the Government intends to use at the hearing or trial and if any tangible objects were obtained from any person or persons, other than the Defendant, set forth the name or names of such persons, their addresses, and the place where such objects were obtained, and if obtained by warrant, include an inventory.

### Defendant's Property

10. Set forth whether any property was seized or taken from the Defendant, including any samples from his person or his boy or examples, along with the manner and method by which any property was seized or taken from the Defendant, and whether such seizure was accomplished as the result of the issuance of a warrant, and if obtained by warrant, include inventories prepared.

11. Identify and permit Defendant to inspect, copy and photograph any item obtained from or belonging to the Defendant, whether or not the Government intends to use the item at the hearing or trial.

### Confidential Informant

12. Identify and provide the Defendant with the names and addresses of any informant, confidential or otherwise, who was a participant in the alleged illegal activity which is the basis for the indictment/charges, or who was a participant in any illegal act which formed any part of the basis of any warrant or process issued or executed in this case, or who was a participant in any legal or illegal act which was relied upon by any law enforcement official as probable cause to make an arrest and/or search in this

case.

## Scope of Discovery Requests

13. The foregoing requests extend to material and information in the possession or control of the United State's Attorney or members of his staff, and any others who have participated in the investigation or evaluation of the case and who either regularly report, or with reference to the particular case, have reported to the United States Attorney or his office. The purpose of these requests is to obtain disclosure of materials and information to the fullest extent authorized and directed by the Federal Rules, and the United States Constitution and this general purpose shall supersede any language or expression which might otherwise appear to be a limitation upon the object or scope of any request. The Defendant further requests that material and information discovered by the United States Attorney after his initial compliance with these requests shall be furnished promptly after such discovery. These requests in no way should be considered a waiver of the information required to be furnished by the United States Attorney to the Defendant without request pursuant to the Federal Rules.

The Defendant avers that the above requested information is vital material and necessary to the preparation of his defense on the merits of the charges against him.

Respectfully submitted

**ROSENBERG & FAYNE, L.L.P.**

*/s/ Peter S. Fayne*
Peter S. Fayne
D.C. Bar No. 432832
5402 Kenilworth Avenue
Riverdale, MD 20737
(301) 864-2900
pfayne@rosenberg-fayne.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2012, I via first class mail and electronic mail a copy of the foregoing Notice of Appearance, Pre-Trial Defense Motions and Request for Discovery to:

Darlene Michele Soltys, Esquire
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

Peter S. Fayne